**Limojwa NITOL, et al.**

**v.**

**The UNITED STATES.**

**No. 543–81L.**

United States Claims Court.

Nov. 10, 1987.

E. Cooper Brown, Washington, D.C., attorney of record for plaintiffs. Abram Chayes, Harvard Law School, and Marshall Islands Atomic Testing Litigation Project, of counsel.

Gary B. Randall, Washington, D.C., with whom was Acting Asst. Atty. Gen. Roger J. Marzulla, for defendant. Marjorie R. Bloom, Dept. of Energy, and Howard L. Hills, Washington, D.C., JAG–USN, Legal Advisor, Dept. of State, of counsel.

## MEMORANDUM OF DECISION

HARKINS, Senior Judge:

Twelve complaints have been consolidated for pretrial preparation. Eleven complaints were filed simultaneously on September 9, 1981, and the 12th complaint was filed on July 26, 1982. The dockets consolidated were:

| Case No. & Name | Atoll |
| --- | --- |
| 543–81L Limojwa NITOL, et al. | Maloelap |
| 544–81L Manini KABUA, et al. | Ailinginae |
| 545–81L Manini KABUA, et al. | Wotho |
| 546–81L Anjua LOEAK, et al. | Rongerik |
| 547–81L Manini KABUA, et al. | Ujae |
| 548–81L Limojwa NITOL, et al. | Utirik |
| 549–81L Manini KABUA, et al. | Rongelap |
| 550–81L Limojwa NITOL, et al. | Taka, Bikar, Jemo Isl., Bokaak and Erikub |
| 551–81L Likbar ANNI, et al. | Mejit Isl. |
| 552–81L Limojwa NITOL, et al. | Wotje |
| 553–81L Manini KABUA, et al. | Lae |
| 372–82L R. Limojwa LANITTOL, et al. | Ailuk |

In these consolidated cases, it was determined in the February 14, 1985, memorandum of decision (7 Cl.Ct. 405):

In these cases, unlike in the claims in the Bikini and Enewetak cases, there is a question of whether in fact there has been any taking.

In cause of action I, the complaints are adequate to give notice of the claim asserted, and the facts alleged, if accepted as true, are sufficient to state a claim for a taking compensable under the Fifth Amendment within the Tucker Act jurisdiction of the court. 28 U.S.C. § 1491(a)(1) (1982).

Defendant's motion to dismiss was allowed with respect to the causes of action II and III in plaintiffs' complaints and denied with respect to the taking claims in cause of action I.

On March 4, 1986, defendant filed a motion to dismiss on the ground that plaintiffs' claims are non-justiciable because they now involve a political question. On November 4, 1986, defendant filed an amended motion to dismiss, adding lack of jurisdiction over the subject matter as a ground for dismissal. The parties completed briefing of the amended motions to dismiss, provided additional briefing pursuant to the April 23, 1987, order, and on August 28, 1987, oral argument was heard, concurrently with argument in the *Juda* and *Peter* cases. At the close of argument, confirmed by order August 31, 1987, a ruling was made that defendant's motions to dismiss for lack of subject matter jurisdiction would be allowed.

An extensive memorandum of decision has been filed this date in a related case, *Tomaki Juda, et al. v. United States*, 13 Cl.Ct. 667 (1987). The memorandum of decision contains an analysis of developments since March 30, 1984, in the relationship of the United States and the Republic of the Marshall Islands, and an explanation for the basis for the conclusion that the consent of the United States to be sued has been withdrawn on the alleged taking claims of the Marshall Islanders that arise from the nuclear testing program. The withdrawal by the United States of its consent to be sued, as set forth in the memorandum of decision in the *Juda* case, applies to plaintiffs' claims in these cases. Accordingly,

IT IS ORDERED: the Clerk is directed to dismiss the complaints in these consolidated cases. No costs.